**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4809**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVE EDWARD GROGANS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:11-cr-00021-SGW-1)

Submitted:  August 20, 2012          Decided:  August 24, 2012

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Helen E. Phillips, ALLEN, KOPET & ASSOCIATES, PLLC, Bristol, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Kartic Padmanabhan, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steve Edward Grogans appeals the district court's sentence of 300 months' imprisonment imposed after his plea of guilty to possession of a firearm by a convicted felon. On appeal, Grogans contends that his sentence, which was ninety months above the top of the applicable Guidelines range, was unreasonable and that the district court erred in sentencing him in the absence of objections to the presentence report. We affirm.

This court "review[s] a sentence for reasonableness, applying an abuse of discretion standard." United States v. Susi, 674 F.3d 278, 282 (4th Cir. 2012). When the district court imposes a sentence outside the Guidelines' range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) We will affirm if "the [18 U.S.C.] § 3553(a) [2006] factors, on the whole, justified the sentence" imposed. United States v. Diosdado-Star, 630 F.3d 359, 367 (4th Cir. 2011) (internal quotation marks omitted), cert. denied, 131 S. Ct. 2946 (2011).

Grogans asserts that the upward variance was not warranted because the Guidelines and the Armed Career Criminal

2

Act took into account his criminal history. We have reviewed the record and conclude that the district court considered the parties' arguments and fully explained its decision pursuant to the § 3553(a) factors, particularly Grogans' extraordinary criminal history over a lengthy period of time, the likelihood of recidivism, and the need to protect the public from Grogans. Grogans has failed to demonstrate an abuse of discretion.

Grogans also argues that the district court erred by sentencing him as an armed career criminal in the absence of objections to the source of the documents used to establish his predicate convictions. Because trial counsel did not object to the presentence report, we review for plain error. See United States v. Wallace, 515 F.3d 327, 332 (4th Cir. 2008). Grogans must establish that an error occurred, that the error was plain, and that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). Grogans fails to identify any objection trial counsel should have made to the presentence report. We thus conclude that Grogans has failed to demonstrate plain error pursuant to Olano.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3