**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4173**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEVIN ANTHONY HICKMAN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:07-cr-00261-WDQ-8)

Submitted: November 16, 2012    Decided: November 29, 2012

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis A. Pommett, III, NATHANSON & POMMETT, P.C., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, James Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Anthony Hickman was convicted of conspiracy to possess with intent to distribute one kilogram or more of heroin, and possession with intent to distribute heroin, and sentenced to concurrent sentences of life and 360 months' imprisonment. He appealed, and this court affirmed in part, vacated the conspiracy conviction and corresponding life sentence, and remanded with directions to enter judgment on a lesser included offense of a 100-gram conspiracy and to resentence accordingly. On remand, the district court sentenced Hickman to concurrent 360-month sentences. Hickman now appeals, contending that the district court erred in failing to reconsider his sentence on the possession with intent to distribute count, and that the district court imposed an unreasonable sentence. Finding no error, we affirm.

Hickman first argues that the district court erred in failing to reconsider his 360-month sentence on the possession with intent to distribute count. We review a district court's interpretation of this court's mandate de novo. United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012). If we find error in the district court's interpretation, we will reverse, unless the error was harmless. See id. at 284; see also Fed. R. Crim. P. 52(a). The district court plainly reconsidered the sentence on this charge when it separately calculated the Guidelines range,

2

separately considered defense counsel's arguments, and separately announced the sentence on this count. Furthermore, any error with respect to Hickman's 360-month sentence on Count I is harmless, because such error has no effect on Hickman's actual term of confinement, in light of his concurrent 360-month sentence on Count VI.

Hickman next challenges the reasonableness of his sentences. This court reviews a sentence applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The court first reviews for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, or failed to adequately explain its chosen sentence. Id. The district court must make an "individualized assessment," wherein it applies the relevant § 3553(a) factors to the facts of the case before it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court should also address any nonfrivolous arguments for an out-of-Guidelines sentence and explain why it rejected those arguments. Id. If the court finds a sentence procedurally reasonable, it then examines substantive reasonableness, considering the totality of the circumstances—including the extent of any variance from the Guidelines. Gall, 552 U.S. at 51. If the sentence is within

3

the Guidelines range, the court may adopt a presumption of reasonableness. Id.

Hickman's aggregate sentence is both procedurally and substantively reasonable. Despite Hickman's contentions to the contrary, the district court correctly applied the § 3553(a) factors, and adequately explained its rejection of Hickman's arguments in support of a downward variance. Moreover, the court was not required to conduct a departure analysis before imposing a variance sentence. See United States v. Diosdado-Star, 630 F.3d 359, 365-66 (4th Cir.), cert. denied 131 S. Ct. 2946 (2011). Furthermore, considering the totality of the circumstances—including Hickman's criminal history, his offenses' seriousness, and the district court's modest variance on Count VI—and applying a presumption of reasonableness as to the sentence on Count I, we find the district court did not abuse its discretion in imposing concurrent 360-month sentences.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4