TRAXLER, Chief Judge,
concurring in the result:
I concur in the result reached in this case. In cases involving a general remand, the resentencing is de novo, and the district court is entitled (but not required) to reconsider any and all issues relevant to sentencing, whether or not the issues were raised in the first appeal. See United States v. Susi, 674 F.3d 278, 284-86 (4th Cir.2012); see also Pepper v. United States, — U.S. -, 131 S.Ct. 1229, 1250-51, 179 L.Ed.2d 196 (2011) (noting that general remands for resentencing place no restrictions on district court’s discretion at resentencing).
The remand for resentencing in this case, however, was a limited remand that restricted the district court to reconsideration of the term of imprisonment only. See, e.g., United States v. Bell, 5 F.3d 64, 66-67 (4th Cir.1993) (remand limited to consideration of specific issue). The mandate rule therefore precluded the district court from reviving the restitution issue foregone by both parties in the original appeal. See id. at 66. While there are exceptions to the mandate rule, see id. at 67, none of those exceptions are applicable to this case so as to permit the district court to change the amount of restitution.