**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4125**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERNESTO WILLIAMS POLLARD,

Defendant - Appellant.

─────────────

**No. 14-4151**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN DUTERVIL,

Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00037-WO-1; 1:13-cr-00037-WO-2)

─────────────

Submitted: October 15, 2014        Decided: December 24, 2014

─────────────

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina; Thomas H. Johnson, Jr., GRAY JOHNSON BLACKMON LEE & LAWSON, LLP, Greensboro, North Carolina, for Appellants. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After the district court denied their motions to suppress evidence, Ernesto Williams Pollard and Ruben Dutervil pled guilty pursuant to plea agreements to one count each of possession with intent to defraud of fifteen or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. §§ 2, 1029(a)(3), (c)(1) (2012). The district court calculated Pollard's Guidelines range under the U.S. Sentencing Guidelines Manual (2013) at thirty-three to forty-one months' imprisonment and sentenced him to thirty-five months' imprisonment. The court calculated Dutervil's Guidelines range at eighteen to twenty-four months' imprisonment and sentenced him to twenty-one months' imprisonment. In their plea agreements, Pollard and Dutervil ("Appellants") preserved the right to challenge on appeal the denial of their motions to suppress. Appellants contend that the district court erred in denying their motions to suppress and abused its discretion in imposing sentence. We affirm.

I.

In reviewing the district court's denial of Appellants' suppression motions, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013),

3

cert. denied, 134 S. Ct. 1572 (2014). Because the district court denied Appellants' motions, we construe the evidence in the light most favorable to the Government. Id. We also defer to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

After reviewing the record and the parties' briefs, we conclude that the district court did not err in denying Appellants' motions to suppress. A vehicle driven by Dutervil in which Pollard was a passenger left a gas station parking lot after midnight and traveled less than one block before stopping in the roadway on a two-lane road. The vehicle's emergency blinkers were then activated, and Dutervil leaned out of the vehicle and gesticulated in a manner suggesting that he needed assistance. Sergeant Stillwell and Officer Rowland stopped to assist, and Stillwell observed marijuana seeds and residue, cash, computers, and telephones in the vehicle's interior and smelled the odor of raw marijuana emanating from the vehicle. Credit and gift cards and a magnetic card reader and writer were later seized from the vehicle.

Appellants argue that the officers had neither the requisite reasonable suspicion nor probable cause to justify stopping and detaining the vehicle and, thus, that the evidence against them was the product of an illegal seizure and search. Contrary to Appellants' assertion, however, the officers did not

4

need to have reasonable suspicion or probable cause when they stopped their patrol cars behind the vehicle driven by Dutervil.

An officer's stop to assist a vehicle stopped in a roadway does not typically implicate the Fourth Amendment as a "seizure" requiring probable cause. See Florida v. Bostick, 501 U.S. 429, 434 (1991); United States v. Jones, 678 F.3d 293, 298-300 (4th Cir. 2012); see also South Dakota v. Opperman, 428 U.S. 364, 370 n.5 (1976) ("The standard of probable cause is peculiarly related to criminal investigations, not routine, noncriminal procedures."). Here, the vehicle had come to a stop on the roadway under circumstances indicating that assistance was required, and the officers parked their patrol cars behind the vehicle and approached it to render assistance. The officers did not display their weapons or touch Dutervil or Pollard, and their patrol cars did not impede the stopped vehicle from leaving the scene. Because the vehicle and its occupants were neither stopped nor seized, the officers' actions did not implicate the Fourth Amendment.

We further conclude that the officers' post-approach investigation of Dutervil's identity and the vehicle as a safety measure was lawful because these actions occurred while the officers were acting in a community-caretaking capacity. See Cady v. Dombrowski, 413 U.S. 433, 441, 443, 446-47 (1973) (articulating an exception to warrant searches in the case of

police officers' interactions with motor vehicles when the officers are not engaged in a criminal investigation). Accordingly, their acts in obtaining and investigating Dutervil's license and registration did not violate the Fourth Amendment as to Dutervil or Pollard.[*]

## II.

Appellants also challenge their sentences. We review Appellants' sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). We first review the sentences for significant procedural error, and, if the sentences are free from such error, we then consider their substantive reasonableness. Id. at 51. Appellants do not contend that the district court committed any significant procedural error in imposing their sentences.

Substantive reasonableness is determined by considering the totality of the circumstances. Id. If a sentence is within the properly calculated Guidelines range, this court applies a presumption on appeal that the sentence is

_____

[*] We decline to consider Appellants' suggestion that Stillwell's stated reason for checking Dutervil's license and vehicle registration was pretextual because this contention is raised for the first time in their reply brief. Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (per curiam).

6

substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if Appellants show "that the[ir] sentence[s] [are] unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Appellants claim summarily that their sentences are unreasonable because the district court failed to consider probationary sentences. We reject this contention because Appellants do not point to the existence of any facts in the record to support it.

To the extent that Appellants are suggesting that their sentences are substantively unreasonable because sentences of probation would have achieved the purposes of sentencing in their cases, we reject this contention because it essentially asks this court to substitute its judgment for that of the district court. While this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decisions that a thirty-five-month sentence and a twenty-one-month sentence achieved the purposes of sentencing in Pollard's and Dutervil's cases, respectively. See Gall, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole,

7

justify" the sentence imposed). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), Appellants fail to overcome the presumption on appeal that their within-Guidelines sentences are substantively reasonable.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED