**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4265**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

NOEL BARRERA SILVA,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, District Judge.  (2:15-cr-00001-JPB-MJA-1)

_____

Submitted:  November 22, 2016     Decided:  November 29, 2016

_____

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Linn Richard Walker, Senior Litigator, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noel Barrera Silva appeals the 78-month, below-Guidelines sentence imposed after he pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2012). Silva argues that his sentence is unreasonable because the district court failed to consider all of the 18 U.S.C. § 3553(a) (2012) factors, and "did not depart low enough" from the Sentencing Guidelines. Finding no error, we affirm.

"In analyzing a sentence for substantive reasonableness, we consider the sentence under a deferential abuse-of-discretion standard, whereby we must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted). When we review the substantive reasonableness of a sentence, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). We apply a presumption of reasonableness to a sentence within or below a properly calculated Guidelines range. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

We reject Silva's argument that his below-Guidelines sentence was substantively unreasonable and greater than necessary to achieve § 3553(a)'s purposes. After considering the district court's explanation for the chosen sentence and its discussion of the § 3553(a) factors it deemed relevant, we find that Silva has failed to rebut the appellate presumption of reasonableness this court affords his below-Guidelines sentence. See Susi, 674 F.3d at 289; see also United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (recognizing that the district court "has flexibility in fashioning a sentence outside of the Guidelines range" and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision (internal quotation marks and brackets omitted)); United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (holding that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every single factor on the record). Accordingly, we conclude that Silva's sentence is substantively reasonable.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED