**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4284**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DAE HYUCK KO,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.  (1:15-cr-00109-LO-5)

_____

Submitted:  March 21, 2017          Decided:  March 30, 2017

_____

Before MOTZ and TRAXLER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Douglas A. Steinberg, LAW OFFICES OF DOUGLAS A. STEINBERG, Alexandria, Virginia, for Appellant.   Dana J. Boente, United States Attorney, Grace L. Hill, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dae Hyuck Ko appeals from his conviction and 180-month prison sentence for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012), 18 counts of bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2012), and four counts of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A (2012).  We affirm.

Dae Hyuck Ko challenges the district court's denial of his Fed. R. Crim. P. 29 motion for judgment of acquittal, which we review de novo.  United States v. Clarke, 842 F.3d 288, 297 (4th Cir. 2016).  Dae Hyuck Ko contends that some of the testimony supporting his conspiracy and bank fraud convictions came from three coconspirators whose answers to certain questions at trial rendered them "discredited sources."  However, it is the exclusive province of the jury "to weigh the credibility of the witnesses, and to resolve any conflicts in the evidence." United States v. Dinkins, 691 F.3d 358, 387 (4th Cir. 2012). Accordingly, we will not make credibility determinations on appeal.  United States v. Cabrera-Beltran, 660 F.3d 742, 754 (4th Cir. 2011).

Next, Ko argues that the district court should have provided a multiple conspiracies instruction to the jury.  Dae Hyuck Ko did not request this instruction at the charge conference, nor did he object to its omission; accordingly, we

2

review only for plain error.  United States v. Brown, 202 F.3d 691, 698 n.13 (4th Cir. 2000).

"[A] multiple conspiracy instruction is not required unless the proof at trial demonstrates that the defendant was involved only in a separate conspiracy unrelated to the overall conspiracy charged in the indictment."  United States v. Stockton, 349 F.3d 755, 762 (4th Cir. 2003) (brackets and internal quotation marks omitted).  The failure to give a multiple conspiracies instruction is reversible error only where the defendant establishes substantial prejudice by showing that "the evidence of multiple conspiracies [was] so strong in relation to that of a single conspiracy that the jury probably would have acquitted on the conspiracy count had it been given a cautionary multiple-conspiracy instruction."  United States v. Bartko, 728 F.3d 327, 344 (4th Cir. 2013) (internal brackets and quotation marks omitted).

Here, the evidence adduced at trial supported a finding that Dae Hyuck Ko was involved in the single conspiracy charged in the indictment.  Moreover, Dae Hyuck Ko has failed to articulate any prejudice resulting from the omission of the multiple conspiracies jury instruction.  Therefore, we conclude that the district court's decision not to provide such an instruction was not erroneous.

Finally, Dae Hyuck Ko challenges the length of his sentence, which we review for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51-52 (2007). The district court properly calculated the Sentencing Guidelines range to be 210 to 262 months for the first 19 counts, plus a mandatory consecutive sentence of 24 months for the remaining 4 counts. See 18 U.S.C. § 1028A(a)(1), (b)(2), (4), (c)(5). We presume Dae Hyuck Ko's below-Guidelines range sentence of 180 months to be substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Dae Hyuck Ko can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Dae Hyuck Ko complains that three of his codefendants, each of whom pleaded guilty, received substantially shorter sentences. A court's obligation to avoid imposing disparate sentences, however, does not require the court "to sentence similarly individuals who go to trial and those who plead guilty. They are not similarly situated for sentencing purposes." United States v. Susi, 674 F.3d 278, 288 (4th Cir. 2012); see 18 U.S.C. § 3553(a)(6). Moreover, the district court found that the codefendants were less culpable than Dae Hyuck Ko, who was "the brains" of the conspiracy. Thus, we conclude

4

that Dae Hyuck Ko has failed to rebut the presumption that his sentence was reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED