**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7446**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAYVON BRYAN RILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:12-cr-00140-BO-1)

Submitted:  September 30, 2021                    Decided:  October 13, 2021

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREENE & WILSON, PA, New Bern, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dayvon Bryan Riley appeals the district court's orders denying relief on his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release and denying reconsideration. For the reasons that follow, we affirm.

We review for abuse of discretion the district court's denial of a compassionate release motion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *petition for cert. filed*, No. 21-5624 (U.S. Sept. 8, 2021). To prevail on his motion, Riley had to show (1) that extraordinary and compelling reasons warranted a sentence reduction, and (2) that a sentence reduction was appropriate under the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); *see Kibble*, 992 F.3d at 330.

Here, the district court assumed that Riley's medical conditions, coupled with the risks posed by the Covid-19 pandemic, represented an extraordinary and compelling basis for compassionate release. Nevertheless, the court denied relief under the § 3553(a) factors, citing the seriousness of Riley's criminal conduct—a credit card scheme that victimized hundreds of people—and the need to deter Riley from committing similar offenses in the future.

On appeal, Riley faults the district court for allegedly overlooking his violence-free criminal record and failing to consider whether he posed a threat to society or was at risk for reoffending. The court, however, "enjoyed broad discretion in conducting [its § 3553] analysis," *Kibble*, 992 F.3d at 330, and Riley's mere disagreement with the value or weight attributed to the § 3553(a) factors does not constitute an abuse of this discretion, *see United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012). Riley also suggests that the court should

2

have addressed his medical conditions when assessing the § 3553(a) factors. But given that the risk that Covid-19 posed to Riley's health was the central basis for Riley's motion, we conclude that consideration of this issue was implicit in the court's decision. *See United States v. High*, 997 F.3d 181, 189-91 (4th Cir. 2021). Finally, Riley claims that the court ignored his evidence of postsentencing rehabilitation. However, by not presenting this argument until his motion for reconsideration, Riley failed to preserve this issue for appellate review. *See Holland v. Big River Mins. Corp.*, 181 F.3d 597, 605 (4th Cir. 1999).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*