**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4098

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

CHRISTOPHER MCPHERSON,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Roderick Charles Young, District Judge. (4:21-cr-00010-RCY-RJK-3)

Submitted: April 17, 2024                             Decided: June 3, 2024

Before KING, AGEE, and HEYTENS, Circuit Judges.

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge King and Judge Agee joined.

**ON BRIEF:** Peter L. Goldman, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Daniel J. Honold, Assistant United States Attorney, Alexandria, Virginia, Eric M. Hurt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

A jury found Christopher McPherson guilty both of possessing a firearm after being convicted of a felony and of possessing a firearm in furtherance of a drug trafficking crime. The district court sentenced him to 15 years of imprisonment. Seeing no reversible error, we affirm.

McPherson makes various challenges to the sufficiency of the evidence to support his convictions, all of which we reject. To begin, McPherson asserts the evidence did not permit a finding that he possessed the firearm—a requirement for both charges. As McPherson acknowledges, "[u]nlawful possession of a firearm may be actual or constructive, and exclusive or joint." McPherson Br. 18 (citing *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012)). To prove constructive possession, the government need show only that the defendant had "knowledge of the contraband and [the] ability to exercise dominion and control over it." *United States v. Hall*, 858 F.3d 254, 269–70 (4th Cir. 2017).

A reasonable jury could find that standard was satisfied here. When officers arrived at a residence to execute an arrest warrant, McPherson was alone in the house and answered the door in boxer shorts and a T-shirt. After learning he was being arrested, McPherson asked the officers to get "some additional clothing" from an upstairs bedroom. JA 271. An officer entered the bedroom and saw McPherson's clothes "laying on the floor next to the bed" and a rifle "propped up" between a bed and a nightstand. JA 274 (second quote), 313 (first quote). The nightstand contained a months-old subpoena addressed to McPherson.

McPherson's efforts to analogize this situation to *United States v. Blue*, 808 F.3d 226 (4th Cir. 2015), fail to convince. In *Blue*, this Court concluded the record could not

support a finding that the defendant possessed a stash of drugs hidden inside a "footstool in the front bedroom of [an] apartment." *Id.* at 233–34. The defendant had a key to the apartment and was seen visiting the apartment building one time for about five minutes. See *id.* at 234. But when concluding the government failed to sufficiently link the defendant to the drugs, the Court emphasized there was no evidence that the defendant lived at the apartment, stored any personal possessions there, or had any connection to the people whose personal possessions were found in the apartment. See *id.* at 230, 232–33. Here, in contrast, McPherson was alone in the residence when the officers arrived, and the firearm was found in a bedroom that contained his clothing and a subpoena addressed to him. This evidence was enough to allow a reasonable jury to conclude, beyond a reasonable doubt, that McPherson knew the rifle was there and had the ability to use it. See, *e.g.*, *United States v. Wilson*, 484 F.3d 267, 282 (4th Cir. 2007) (rejecting sufficiency challenge where a firearm was found in a nightstand also containing documents with the defendant's name on them).

McPherson's remaining sufficiency challenges relate solely to his conviction for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The indictment identified the predicate offense to McPherson's firearm possession as "conspiracy to possess with intent to distribute and [to] distribute heroin, cocaine, and marijuana, as alleged in Count One of this Indictment." JA 28. The jury found McPherson not guilty on the drug conspiracy count, and McPherson says that acquittal means the evidence was thus necessarily insufficient to convict him on the firearm count as well.

3

The problem for McPherson is that this Court has rejected precisely that sort of argument. In *United States v. Hopkins*, 310 F.3d 145 (4th Cir. 2002), a defendant was charged with violating Section 924(c) by possessing a firearm in connection with a crime of violence that the indictment identified as a violation of 18 U.S.C. § 111(b). See *Hopkins*, 310 F.3d at 152. But the jury did not convict the defendant on the Section 111(b) count; instead, it found him guilty of a lesser included offense. See *id.* at 149. Like McPherson, the defendant in *Hopkins* argued that the jury's failure to convict him of the charged substantive offense meant that the Section 924(c) count failed as a matter of law. See *id.* at 152–53.

This Court disagreed. It explained that the validity of a Section 924(c) conviction "does not depend on [the defendant] being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of" the Section 924(c) "offense are proved and found beyond a reasonable doubt." *Hopkins*, 310 F.3d at 152 (quotation marks removed). The Court described the jury's failure to convict the defendant on the underlying substantive offense as "irrelevant" to whether the evidence was sufficient to support the Section 924(c) count, emphasizing the Supreme Court's instructions about how to treat seemingly inconsistent verdicts. *Id.* at 153 (discussing *United States v. Powell*, 469 U.S. 57 (1984)). Instead, the Court explained that—despite the jury's acquittal on the substantive count—the relevant question remained whether the evidence was sufficient to "support *any* rational determination of guilt beyond a reasonable doubt" on the Section 924(c) offense. *Id.* (quoting *Powell*, 469 U.S. at 67)

4

(emphasis added); see *Green v. United States*, 355 U.S. 184, 190 (1957) (describing a jury's guilty verdict for a lesser-included offense as "an implicit acquittal" on the greater charge).

Resisting this conclusion, McPherson cites *United States v. Carter*, 300 F.3d 415 (4th Cir. 2002), which was decided three months before *Hopkins*. We see no conflict between the two decisions. In *Carter*, the jury failed to return a verdict on the substantive count and the defendant argued "that the jury's failure to convict her for the predicate offense . . . precluded her conviction on" the Section 924(c) count. *Id.* at 424. The Court rejected that argument, "hold[ing] that [a] § 924(c) conviction[] do[es] not require a conviction on the predicate drug trafficking offense" and—like *Hopkins*—framing the question as whether "a reasonable jury *could* have convicted on the predicate drug offense." *Id.* at 425.

True, the *Carter* panel noted the lack of an "affirmative acquittal" on the charged predicate offense in rejecting the defendant's sufficiency challenge in that case. 300 F.3d at 425. But *Carter* had no occasion to decide what the rule should be when a jury *does* acquit on the substantive charge, and we do not read judicial opinions as controlling on circumstances not then before the court. See, *e.g.*, *United States v. Buster*, 26 F.4th 627, 633 (4th Cir. 2022). In contrast, *Hopkins* confronted the specific question before us and held that—even when the defendant is acquitted on the predicate charge—a Section 924(c) conviction may stand so long as the evidence was sufficient to permit a jury to conclude the defendant committed all elements of the Section 924(c) offense.

Having thus framed the issue, we conclude McPherson's remaining sufficiency challenge to his Section 924(c) conviction fails. McPherson identifies various types of

5

evidence the government might have, but did not, present to show his involvement in drug trafficking. But the question is not whether the government could have offered more evidence of his guilt—it is whether the evidence the government presented was legally sufficient.

It was. A co-conspirator testified that he sold McPherson distribution-level quantities of marijuana, cocaine, and heroin. Officers found both cocaine and marijuana in the house where McPherson was arrested, as well as a device used for pressing cocaine and heroin into kilogram-sized bricks, an electronic money counter, and a ledger detailing past drug transactions. Along with the evidence of the rifle found in the upstairs bedroom, this evidence was more than enough to permit a reasonable jury to find beyond a reasonable doubt that McPherson "violated every element" of Section 924(c). *Hopkins*, 310 F.3d at 153.

We also reject McPherson's various challenges to his below-Guidelines sentence. McPherson acknowledges that "[c]lear Supreme Court and Fourth Circuit precedent hold that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Medley*, 34 F.4th 326, 335 (4th Cir. 2022). But he argues that the district court's finding that he possessed the rifle in connection with a drug conspiracy was not supported by a preponderance of the evidence, again relying on the jury's acquittal on the standalone drug charge.

Once again, we disagree. As we have explained, the evidence was sufficient for a reasonable jury to find—beyond a reasonable doubt—that McPherson was part of a

conspiracy to traffic cocaine, marijuana, and heroin. That same evidence was necessarily sufficient to allow the district court to conclude—by a preponderance of the evidence—that McPherson was so involved.

McPherson's argument about the substantive reasonableness of his sentence fares no better. The applicable Guidelines range for the Section 924(c) charge was 135 to 168 months, and the district court sentenced McPherson to 120 months on that count. That "below-Guidelines sentence is . . . entitled to a presumption of reasonableness," *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012), which McPherson fails to rebut. The district court considered McPherson's arguments for a lesser sentence, including McPherson's age, difficult childhood, and medical condition; letters of support from his family members; and the fact that much of the advisory Guidelines range was driven by conduct for which McPherson had been acquitted. No doubt McPherson would have preferred that the district court weighed the relevant factors differently or reached a different bottom-line conclusion. But the same is true of many—if not most—criminal defendants. And the fact "[t]hat the court did not agree with [McPherson] as to the value, or relative weight, to give each factor and thus did not sentence [him] to as low a sentence as he desired does not in itself demonstrate an abuse of the court's discretion." *Susi*, 674 F.3d at 290.

\* \* \*

The district court's judgment is

*AFFIRMED.*

7