**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4697**

---

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

TIFFANY MAE JONES,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:10-cr-00056-RLV-DSC-4)

---

Submitted: March 29, 2013          Decided: April 17, 2013

---

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiffany Mae Jones was indicted along with seven co-defendants and charged with conspiracy to possess with intent to distribute oxycodone, as well as two substantive counts, including possession with intent to distribute oxycodone, and possession with intent to distribute marijuana and aiding and abetting the same. Jones pleaded guilty to all three counts without the benefit of a plea agreement. The district court granted a downward variance and sentenced Jones to thirty-three months of imprisonment. On appeal, Jones challenges the district court's calculation of drug quantity attributed to her and contends that she should have received a mitigating role reduction for having a minimal role in the offense. Finding no error, we affirm.

We review Jones's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly

2

erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51.

If the sentence is free of significant procedural error, this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within or below the properly calculated Guidelines range, the court applies a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (below Guidelines sentence is entitled to presumption of reasonableness); United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Jones alleges that the district court erred in relying on the testimony of her co-defendant, Amber Babb, in determining drug quantity because Babb's testimony was unreliable. In particular, she cites the inaccuracies regarding the time frame that she could have distributed oxycodone pills in 2010 because part of that year she was incarcerated. The Government counters that the court's drug quantity finding was based on drug amounts with which Jones was directly involved and not based entirely on

3

Babb's statements. Further, the Government argues, because Jones was convicted of conspiracy to distribute any quantities involved in the conspiracy that were reasonably foreseeable to Jones were attributable.

We review the district court's "drug quantity finding for clear error." United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). This deferential standard of review requires reversal only if this court, upon review of the record as a whole, "is left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal quotation marks omitted). It is well settled that, when determining the drug quantity to attribute to a defendant convicted of a drug conspiracy, "the district court may attribute to the defendant the total amount of drugs involved in the conspiracy, provided the drug quantities were reasonably foreseeable to the defendant and are within the scope of the conspiratorial agreement." United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

The district court's approximation of drug weight was based on amounts with which Jones was directly involved. The evidence showed that Jones participated in and was present during trips to Florida to obtain oxycodone pills and that, in addition to distributing pills herself, also discussed the North Carolina distribution process with co-conspirator Adam Jones.

4

There was also sufficient evidence to support the district court's finding regarding the number of oxycodone pills involved. In addition to Babb's testimony, there were specific examples of Jones's drug distribution activities described in the presentence report and corroborated by statements from other co-conspirators regarding Jones's involvement.

Accordingly, Jones fails to establish any clear error in the district court's calculation of the drug quantity attributable to her. See Kellam, 568 F.3d at 147 (noting that the district court's drug quantity finding must be supported by a preponderance of the evidence and concluding that testimony received at trial and sentencing supported the court's finding); Randall, 171 F.3d at 210-11 (explaining that a defendant bears the burden of establishing that information in the presentence report the district court relied on in calculating the relevant drug quantity is incorrect).

Jones also challenges the district court's refusal to apply a mitigating role adjustment, which we review for clear error. See United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). Pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2011), a district court may decrease a defendant's offense level upon finding that the defendant played a minor or minimal role in the offense. In light of the evidence previously discussed, including Jones's role in the conspiracy throughout

its duration, controlled buys from Jones, her presence on doctor shopping trips in Florida, and her discussions about the conspiracy with Adam Jones and others, we conclude that Jones's role was "material or essential to committing the offense[s]," United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999) (internal quotation marks omitted), and determine that the district court did not clearly err in refusing to apply the adjustment.

We therefore conclude that the district court's sentence was reasonable and affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6