**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4408**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

     v.

MUSTAPHA ISSAKA ZICO, a/k/a Mustafa Zico, a/k/a Alhaji,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:12-cr-00117-LO-1)

Submitted: December 20, 2013      Decided: January 29, 2014

Before NIEMEYER, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph R. Conte, Charles J. Soschin, LAW OFFICE OF J. R. CONTE, P.L.L.C., Washington, D.C., for Appellant. Dana J. Boente, Acting United States Attorney, Julia K. Martinez, James P. Gillis, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mustapha Issaka Zico appeals the district court's judgment imposing a sentence of 216 months in prison after the jury convicted him of conspiracy to import one kilogram or more of heroin in violation of 21 U.S.C. §§ 960(b)(1)(A), 963 (2012), and distribution for the purpose of unlawful importation of one kilogram or more of heroin in violation of 18 U.S.C. § 2 (2012), 21 U.S.C. §§ 959(a), 960(b)(1)(A) (2012). On appeal, Zico raises the issues of whether the evidence was sufficient to convict him and whether his sentence was improper. We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Cone, 714 F.3d 197, 212 (4th Cir. 2013) (citation and quotations omitted). We must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it. United States v. Al Sabahi, 719 F.3d 305, 311 (4th Cir. 2013) (citation and quotations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

Zico argues that the evidence was insufficient because it "came solely from the testimony of unreliable drug dealers and drug couriers," and "a conviction based entirely on such

biased testimony should not stand." (Appellant's br. at 13). However, the jury has already assessed the credibility of the witnesses, and we cannot do so on appeal. See United States v. Cabrera-Beltran, 660 F.3d 742, 754 (4th Cir. 2011) (citation omitted); see also Perry v. New Hampshire, 132 S. Ct. 716, 723 (2012) ("[J]uries are assigned the task of determining the reliability of the evidence presented at trial."). Moreover, "[t]he settled law of this circuit recognizes that the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction." United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993) (citation omitted). Deferring to the jury's credibility determinations, we conclude that substantial evidence supports the jury's verdict.

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). First, we consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range or inadequately explaining the sentence. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider its substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a

sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court must first correctly calculate the defendant's sentencing range under the Sentencing Guidelines. Allmendinger, 706 F.3d at 340. The district court is next required to give the parties an opportunity to argue for what they believe to be an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). Id.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). In explaining the sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Zico first contends that the district court erred in applying a three-level enhancement for his role as a manager or

4

supervisor in the offense pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(b) (2012).  We review this issue for clear error. Cabrera-Beltran, 660 F.3d at 756.  The adjustment applies "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive."  USSG § 3B1.1(b).  The Guidelines list seven factors to be considered in making the determination.  See USSG § 3B1.1 cmt. n.4; United States v. Otuya, 720 F.3d 183, 192 (4th Cir. 2013) (applying some of these factors in assessing propriety of three-level enhancement).

"[T]he aggravating role adjustment is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility."  United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010) (citation and internal quotations omitted); see also United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011) (noting this Court has affirmed application of an aggravating role adjustment under USSG § 3B1.1(b) where there was "record evidence that the defendant actively exercised some authority over other participants in the operation or actively managed its activities").  The defendant need only have exercised control over one participant.  See USSG § 3B1.1 cmt. n.2.  Applying these standards to the facts of this case, we conclude that the district court did not clearly err in applying the enhancement.

5

Finally, Zico contends that the district court failed to consider pertinent sentencing factors when imposing his 216-month sentence because the court failed to discuss certain factors on the record and because his sentence was longer than the sentences imposed on related defendants. We disagree.

The district court first properly calculated Zico's Guidelines range to be 262 to 327 months. The court noted that it had considered the parties' written positions on sentencing and gave them an opportunity to argue for the sentence they believed to be appropriate. Zico requested a sentence below his Guidelines range based in part on the factors he raises on appeal. He contended that the low end of his Guidelines range was "100 months more than any other defendants in this case," and a sentence below the Guidelines range was appropriate based on "the nature of the offense and the nature of Mr. Zico."

The district court granted Zico's request for a variance and sentenced him substantially below his Guidelines range. While the sentence was not as low as Zico wanted, the court explained its sentence was appropriate because, unlike other defendants, Zico had failed to accept responsibility and had obstructed justice.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED