**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4585**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BOBBY CLARENCE BYRD, JR.,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:11-cr-00364-FDW-1)

Submitted: May 22, 2014                    Decided: May 28, 2014

Before TRAXLER, Chief Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Clarence Byrd, Jr., pleaded guilty to knowingly transporting child pornography, and aiding and abetting, in violation of 18 U.S.C. §§ 2252A(a)(1), 2 (2012); and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (2012), and received a total sentence of 204 months' imprisonment. On appeal, Byrd raises two claims: that the district court erred in failing to address two of his arguments in favor of a more lenient sentence, and that the sentence is substantively unreasonable. Finding no merit in either contention, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). The Supreme Court has held that a sentencing judge must provide sufficient explanation to demonstrate that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Failing to do so renders a sentence procedurally unreasonable. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Byrd asserts that the district court procedurally erred by failing to address all of his nonfrivolous reasons for imposing a lower sentence. Our review discloses no such error. The court stated that it had considered each of the arguments

2

set forth in Byrd's sentencing memorandum. The court addressed the offense characteristics which, according to Byrd, overstated the seriousness of his offense, concluding that two of the enhancements were antiquated and should be stricken and that the remaining enhancements should apply. The court thus granted a downward variance to a range of 188 to 235 months, and determined that a sentence of 204 months was appropriate. Explicitly referencing the sentencing factors of 18 U.S.C. § 3553(a) and noting the extremely serious nature of the offense, the court also provided a detailed rationale for its sentence. Accordingly, we conclude that the district court did not commit the procedural sentencing error asserted by Byrd.

Byrd also fails to rebut the presumption that his below-Guidelines sentence is substantively reasonable. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (explaining that this court applies a presumption on appeal that a sentence within or below a properly calculated Guidelines range is substantively reasonable); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining that defendant may rebut presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors" (internal quotation marks omitted)).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED