**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4700**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SOHIBOU THIAM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Richard M. Gergel, District
Judge.  (2:12-cr-00691-RMG-1)

_____

Submitted:  May 20, 2014                 Decided:   June 10, 2014

_____

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Cameron  J.  Blazer,  Assistant  Federal  Public  Defender,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Dean H. Secor, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sohibou Thiam pled guilty to one count of possessing, knowingly and with the intent to defraud, fifteen or more counterfeit and unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), (c)(1)(a)(i) (2012). He now appeals his resulting twelve-month sentence on the grounds that the district court committed procedural error by (1) denying his counsel an opportunity to speak on his behalf; (2) compelling Thiam to make self-incriminating statements in violation of his Fifth Amendment rights; and (3) failing to adequately consider Thiam's immigration status as a factor under 18 U.S.C. § 3553(a) (2012). Thiam further argues the cumulative prejudicial effect of these procedural errors warrant remand. We affirm.

Appellate courts review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "Before imposing sentence, the court must: (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf." Fed. R. Crim. P. 32(i)(4)(A)(i). The record discloses that the district court gave defense counsel numerous opportunities to speak on behalf of Thiam. In fact, the court asked defense counsel multiple times whether she wanted to add anything further. Thiam simply seizes on one point in the proceedings where the district court asked defense counsel to

2

remain silent so that Thiam could explain why his companion identified Thiam by a fictitious name. This, however, does not change the fact that counsel availed herself of the many opportunities to offer arguments for a mitigated sentence for her client. We therefore conclude this claim is without merit.

In a related argument, Thiam argues the district court compelled self-incriminating testimony, in violation of his Fifth Amendment rights. The Fifth Amendment's self-incrimination clause provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This prohibition "not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Minnesota v. Murphy, 465 U.S. 420, 426 (1984) (internal quotation marks omitted). Indeed, a defendant retains this privilege at his sentencing hearing. See Mitchell v. United States, 526 U.S. 314, 321 (1999).

The Supreme Court has clarified that the Fifth Amendment's Self-Incrimination Clause guarantees "only that the witness not be *compelled* to give self-incriminating testimony." McKune v. Lile, 536 U.S. 24, 35-36 (2002) (internal quotation

3

marks omitted) (emphasis in original). A witness's answers "are not compelled within the meaning of the Fifth Amendment unless the witness is required to answer over his valid claim of privilege." United States v. Vangates, 287 F.3d 1315, 1320 (11th Cir. 2002) (quoting Murphy, 465 U.S. at 427).

The district court clearly questioned Thiam on the substantive facts of the offense as well as facts of a prior investigation in which Thiam was charged, but not prosecuted. During this time, counsel was not permitted to speak. Thiam, however, denied any involvement in other criminally related activities eluded to by the court. He therefore did not make any incriminating statements. Most importantly, Thiam never asserted his Fifth Amendment right against self-incrimination. For these reasons, we conclude the district court's questions did not violate Thiam's protection against self incrimination.

Thiam also contends the district court erred when it failed to adequately consider his immigration status as a factor under § 3553(a) in fashioning his sentence. In evaluating procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence. Gall, 552 U.S. at

4

49-51; see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted). If the sentence is free of procedural error, the court reviews it for substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. This court presumes that a sentence within a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

We conclude that the district court sufficiently articulated an individual application of the § 3553(a) factors to Thiam and adequately explained its sentence. Here, defense counsel discussed at length possible immigration consequences for Thiam should he receive a significant sentence. Contrary to Thiam's claim, the district court was well aware that the sentence could have immigration consequences. Our review of the record confirms that the district court adequately considered Thiam's argument in fashioning Thiam's sentence. The court simply concluded that a significantly shorter sentence was not warranted just so Thiam could avoid certain immigration consequences. Furthermore, Thiam's sentence is within the properly calculated Guidelines range and is thus presumed reasonable. Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the

5

§ 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Thiam has failed to establish any basis to rebut the presumption.

Finally, Thiam argues that the court's errors constituted cumulative error entitling him to a resentencing. The cumulative error doctrine recognizes that two or more errors that are individually harmless may cumulatively warrant reversal if they "so fatally infect the trial that they violated the trial's fundamental fairness." United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009) (internal quotation marks omitted). However, "[w]hen none of the individual rulings work any cognizable harm, it necessarily follows that the cumulative error doctrine finds no foothold." Id. (internal quotation marks and alterations omitted). Because no error, harmless or otherwise, occurred here, we conclude Thiam's cumulative error claim must fail.

Accordingly, we affirm Thiam's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED