**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4918**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN ANTONIO PONCE-GONZALEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. Terrence W. Boyle,
District Judge. (7:13-cr-00070-BO-1)

Submitted: June 16, 2014        Decided: June 20, 2014

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina,
for Appellant. Thomas G. Walker, United States Attorney,
Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Antonio Ponce-Gonzalez appeals his conviction and sentence after pleading guilty to illegal reentry after being deported subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). He was sentenced to 21 months in prison and no supervised release. The district court ordered that his prison sentence would run consecutively to his 14-month sentence imposed by the court in another case. On appeal, he contends that his counsel was ineffective for not appealing the other judgment, and his sentence is unreasonable. We affirm.

To the extent that Ponce-Gonzalez challenges the other judgment or counsel's actions in the other case, this Court lacks jurisdiction to consider his claims because he did not appeal the judgment. See 18 U.S.C. § 3742(a) (2012); 28 U.S.C. § 1291 (2012). To the extent that he challenges his counsel's actions in this case, we conclude that the claim is not cognizable on direct appeal because it does not conclusively appear on the record that counsel was deficient or prejudicial. See United States v. Powell, 680 F.3d 350, 359 (2012).

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). We first consider whether the district court committed a significant procedural error, such as

2

improperly calculating the Guidelines range or inadequately explaining the sentence imposed. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider whether it is substantively reasonable, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court must first correctly calculate the defendant's Guidelines range. Allmendinger, 706 F.3d at 340. The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). Id. When rendering a sentence, the court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). While a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a

3

reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

We have reviewed the record and conclude that the sentence is reasonable. On appeal, Ponce-Gonzalez contends it is unreasonable because the district court sentenced him at the high end rather than the low end of his Guidelines range "when there were not any aggravating factors and he had been cooperating with the government," and it failed to adequately explain the decision. However, the court explained "the most aggravating fact" in his case was that he was recently convicted and sentenced to 364 days in prison for illegal reentry and was deported again, but he came right back and the sentence did not deter him from doing so. Moreover, while he argued that he had "attempted to provide information to the Government to help them," he acknowledged his cooperation had not risen to the level of substantial assistance; and he did receive a reduction in his Guidelines range for acceptance of responsibility. We conclude that the court reasonably determined and adequately explained that a sentence at the high end of the Guidelines range was appropriate based on his repeated violation of the law and the fact that the prior sentence was inadequate to deter it.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED