**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4144**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JEROMEY KEITH MITCHELL, a/k/a Kaos,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:13-cr-00023-D-1)

Submitted: September 10, 2014      Decided: September 23, 2014

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeromey Keith Mitchell appeals his sentence after pleading guilty to conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base, six counts of distributing cocaine base, and one count of possession with intent to distribute cocaine base. On appeal, he contends his sentence is substantively unreasonable. We affirm.

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). We first consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range or inadequately explaining the sentence imposed. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider whether it is substantively reasonable, taking into account the totality of the circumstances and giving due deference to the district court's decision. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court must first correctly calculate the defendant's Guidelines range. Allmendinger, 706

2

F.3d at 340. The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). Id. When imposing a sentence, the court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). While a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

On appeal, Mitchell does not challenge the procedural reasonableness of his sentence but contends that his 264-month prison sentence is substantively unreasonable. We disagree. The district court correctly calculated that his Guidelines range was 292 to 365 months and reasonably determined that a sentence of 264 months, 28 months below the low end of the range, was appropriate based on its thorough, individualized assessment of Mitchell's case in light of his arguments and the § 3553(a) factors. Based on a totality of the circumstances, we

3

conclude that the district court did not abuse its discretion, and we accord deference to its sentencing decisions. See United States v. Rivera-Santana, 668 F.3d 95, 106 (4th Cir. 2012).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED