**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4030**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY LOUIS BURNS, a/k/a Timothy Barnes,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:13-cr-00050-FL-1)

_____

Submitted: September 25, 2014      Decided: September 29, 2014

_____

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Louis Burns pleaded guilty to possession with intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), and was sentenced to 100 months' imprisonment. On appeal, Burns argues that his sentence is substantively unreasonable under 18 U.S.C. § 3553(a) (2012).

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining substantive reasonableness, we must "take into account the totality of the circumstances." Id. at 51. We presume a sentence within or below a properly calculated Guidelines range to be substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Our review of the record confirms that the district court adequately considered Burns' request for a recalculation of his Guidelines range using a 1:1 crack to powder cocaine ratio and did not abuse its discretion in declining to do so. Burns offers no sufficient basis to rebut the presumption of reasonableness afforded his within-Guidelines sentence. We

2

therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED