**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4011**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MICHAEL JAMES TAYLOR,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.   Martin K. Reidinger, District Judge. (2:11-cr-00022-MR-DLH-10)

---

Submitted:  October 20, 2014          Decided:  October 29, 2014

---

Before KEENAN and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jacob H. Sussman, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael James Taylor pled guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine and more than 500 grams of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 841, 846 (2012), and was sentenced to a below-Guidelines sentence of 324 months' imprisonment. He appeals, claiming that the district court erred in denying his motion for appointment of a mental health expert prior to sentencing and that his sentence is both procedurally and substantively unreasonable. We affirm.

Under 18 U.S.C. § 3006A (2012), the district court may, at its discretion, authorize appointed counsel "to obtain investigative, expert, or other services necessary for adequate representation," provided the expertise is necessary "and that the person is financially unable to obtain them." Id. The district court's denial of authorization for an expert witness is reviewed for abuse of discretion. United States v. Hartsell, 127 F.3d 343, 349 (4th Cir. 1997).

We find that the district court did not abuse its discretion in denying Taylor's motion for appointment of a mental health expert to assist with sentencing. The district court had before it extensive background information in Taylor's presentence report, as well as information contained in the motion and testimony presented at the hearing. The record

clearly establishes that the district court considered all of this information in fashioning a sentence below the applicable Guidelines range of 360 months to life imprisonment.

We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including, among other things, improperly calculating the Guidelines range. Id. Only if this court finds a sentence procedurally reasonable may it consider its substantive reasonableness. Id. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. See Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We have reviewed the record on appeal, including the transcript of Taylor's sentencing hearing, as well as the parties' briefs, and find that his sentence is both procedurally and substantively reasonable. The court properly calculated the advisory Guidelines range and conducted an "'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). We find that Taylor cannot overcome the presumption of reasonableness accorded his sentence. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (noting that a below-

3

Guidelines sentence, like a within-Guidelines sentence, is presumed reasonable on appeal).

We therefore affirm Taylor's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED