**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4475**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

DANIEL OCHOA LUA, a/k/a Daniel Ochoa-Lua, a/k/a Daniel Lua
Ochoa, a/k/a Daniel Ochoa-Luna, a/k/a Adrian Luis Lua,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:13-cr-00404-NCT-1)

Submitted:  January 21, 2015        Decided:  January 28, 2015

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Ochoa Lua appeals the fifty-six month sentence imposed following his guilty plea to illegal reentry after removal, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). On appeal, Ochoa Lua argues that his sentence was greater than necessary to satisfy the goals of sentencing enumerated in 18 U.S.C. § 3553(a) (2012). Finding no substantive unreasonableness,[*] we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, no claim of procedural sentencing error is raised, we review the substantive reasonableness of the sentence. Id. at 51. In considering a claim of substantive unreasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "[D]istrict courts have extremely broad discretion when

---

[*] Although the Government addresses the procedural reasonableness of Ochoa Lua's sentence in its brief, Ochoa Lua's opening brief challenges only the substantive reasonableness of his sentence. See United States v. Edwards, 666 F.3d 877, 887 (4th Cir. 2011) (recognizing that arguments not raised in opening appellate brief generally are not considered).

determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Therefore, we "must defer to the trial court and can reverse a sentence only if it is unreasonable," even if the sentence imposed would not have been our choice. United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis omitted). We presume that Ochoa Lua's within-Guidelines sentence is substantively reasonable, a presumption that "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Ochoa Lua fails to meet this burden. Ochoa Lua identifies various mitigating factors that he asserts mandated a more lenient sentence, including his family and employment circumstances, his cooperation with immigration officials, and the significant Guidelines enhancement applied to him based on a prior felony drug trafficking conviction for which he received a probationary sentence. However, the record demonstrates that the court considered these arguments in conducting its individualized assessment of Ochoa Lua under § 3553(a), but ultimately determined that these considerations were outweighed by Ochoa Lua's history of repeated unlawful reentry and drug trafficking conduct while illegally present in the United

States. Ochoa Lua's sentence is not unreasonable simply because the district court could have assigned different weight to these considerations in conducting its sentencing calculus under § 3553(a). United States v. Susi, 674 F.3d 278, 290 (4th Cir. 2012). Moreover, although Ochoa Lua argues that he was entitled to a downward variance because he did not qualify for a fast track program in his district of conviction, and that the court should have run his sentence concurrently to a state sentence, he fails to demonstrate any abuse of discretion in the court's rejection of these arguments. See United States v. Perez-Pena, 453 F.3d 236, 240-44 (4th Cir. 2006) (holding that district court erred in departing downward to account for lower sentences received by defendants who qualified for fast track program in other districts). Viewing the totality of the circumstances, we find no basis to conclude that the district court abused its discretion when it determined that the § 3553(a) factors justified the sentence it imposed.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4