**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4367**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAMES J'MORI JONES,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00198-WO-1)

───────────

Submitted: February 25, 2015          Decided: March 3, 2015

───────────

Before NIEMEYER, KING, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, Federal Public Defender, Greg Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, T. Nick Matkins, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James J'mori Jones of possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Jones raises two claims: (1) there is insufficient evidence in the record to support his conviction; and (2) his sentence is unreasonable. For the reasons stated below, we affirm.

During a police search of a home belonging to a friend of Jones, officers found a shotgun in the kitchen closet. Jones was present at the time of the search. When the shotgun was discovered, Jones stated that the gun was his. Officers never had the gun checked for fingerprints or tested for DNA. At trial, Jones testified that he lied to police when saying the gun was his because he did not want his friend to get in trouble.

We review challenges to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). "The standard for reversing a jury verdict of guilty is a high one: the Court does so only where the prosecution's failure is clear." United States v. Perry, 757 F.3d 166, 175 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, __ S. Ct. __, 2015 WL 133401 (U.S. Jan. 12, 2015). "The jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it, where substantial evidence

2

is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In assessing evidentiary sufficiency, the evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the Government. Id. We do not reassess the jury's determinations of witness credibility. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

Jones conceded at trial that he told police the gun was his, which was supported by the officer's testimony.[1] Additionally, the officer testified that Jones later endorsed his admission at the sheriff's office. In reaching its verdict, the jury made a credibility determination as to the inconsistency between Jones's statement to police and his trial testimony, a determination that is not subject to our review. Therefore, Jones has not established that the evidence was insufficient.

We next turn to Jones's challenge that his within-Guidelines sentence of fifty-four months is substantively

---

[1] The parties disputed whether Jones saw the gun before claiming it was his. The officer testified that Jones was not in a position to see the gun yet accurately described it, but Jones testified that he saw the gun before his comment to police.

unreasonable.[2]  We review the reasonableness of a sentence for abuse of discretion.  United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009).  In reviewing for substantive unreasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).  [D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors."  United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011).  Therefore, we "must defer to the trial court and can reverse a sentence only if it is unreasonable," even if the sentence imposed would not have been our choice.  United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis omitted).  We presume that Jones's within-Guidelines sentence is substantively reasonable, a presumption that "can only be

---

[2] Jones argues that this sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2012).  Although he identifies this as a "procedural sentencing error," Jones's argument focuses on the court's failure to adequately weigh the § 3553(a) factors in fashioning his sentence, which is a substantive reasonableness challenge.  Cf. United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014) ("A district court commits procedural error when, for example, it fails to calculate (or improperly calculates) the Guidelines range, fails to consider the § 3553(a) factors, or selects a sentence based on clearly erroneous facts.").  Absent a procedural error argument, this Court limits its review only to substantive reasonableness.  Id.

4

rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Jones fails to meet this burden. Jones identifies various mitigating factors that he asserts mandated a more lenient sentence, including his cooperation with police, his family and employment circumstances, and that he poses no danger to the community. However, the record demonstrates that the court considered these arguments in conducting its individualized assessment of Jones under § 3553(a), but ultimately determined that these considerations were outweighed by Jones's criminal history and the nature and circumstances of the instant offense. Jones's sentence is not unreasonable simply because the district court could have assigned different weight to these considerations in conducting its sentencing calculus under § 3553(a). United States v. Susi, 674 F.3d 278, 290 (4th Cir. 2012). Viewing the totality of the circumstances, we conclude that the district court did not abuse its discretion when it determined that the § 3553(a) factors justified the sentence it imposed.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED