**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4888**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOHN A. BOYLES,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, Chief District Judge. (2:14-cr-00006-JPB-JSK-1)

---

Submitted: March 17, 2015         Decided: March 23, 2015

---

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Katy J. Cimino, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John A. Boyles pled guilty, pursuant to a written plea agreement, to aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) and 18 U.S.C. § 2 (2012). At sentencing, the district court varied downward from Boyles' advisory Sentencing Guidelines range of 108-135 months and imposed a 97-month sentence, to be followed by a 3-year term of supervised release. On appeal, Boyles contends that the district court erred in applying a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014). For the reasons that follow, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007); United States v. Dowell, 771 F.3d 162, 169 (4th Cir. 2014). In conducting procedural reasonableness review, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" Gall, 552 U.S. at 51. We presume on appeal that a sentence that is below the defendant's properly calculated advisory Guidelines range is substantively reasonable. United

2

States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014); United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

The lone issue for our consideration is Boyles' claim that the district court erred in enhancing his offense level under USSG § 2D1.1(b)(1). We review the application of this Guidelines enhancement for clear error. United States v. Manigan, 592 F.3d 621, 630-31 (4th Cir. 2010).

The Guidelines provide for a two-level increase in the defendant's base offense level for a drug offense "[i]f a dangerous weapon (including a firearm) was possessed[.]" USSG § 2D1.1(b)(1). The § 2D1.1(b)(1) enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction[,]" Manigan, 592 F.3d at 628–29 (internal quotation marks omitted), even in the absence of "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted). "Rather, proof of constructive possession of the [firearm] is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." Manigan, 592 F.3d at 629. The defendant bears the burden of showing that a

connection between his possession of a firearm and his narcotics offense is "clearly improbable." Harris, 128 F.3d at 853.

We conclude that Boyles failed to satisfy his burden. The two-level enhancement is well supported by the facts set forth in the presentence report, which Boyles did not contest. Particularly, upon execution of a search warrant for Boyles' property, the police discovered a loaded shotgun in the rear bedroom of Boyles' trailer. Earlier, Boyles had sold crack cocaine to a confidential informant in the kitchen of that same trailer. The search of the trailer also yielded indicia of drug trafficking, including paraphernalia, cash, and a digital scale, and individually packaged quantities of cocaine and crack cocaine were found on the curtilage of the trailer. We thus discern no clear error in the district court's application of the § 2D1.1(b)(1) enhancement.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4