**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4370**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CONSENTINO RODRIGUEZ BAILON, a/k/a Nicanor Vasquez, a/k/a
Carlos Hernandez, a/k/a Pedro Bailon Rodriguez, a/k/a
Constantino Rodriguez,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., District Judge.  (3:14-cr-00054-RJC-1)

_____

Submitted:  March 10, 2016          Decided:  March 14, 2016

_____

Before SHEDD and AGEE, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ross Hall Richardson, Executive Director, Ann L. Hester, Jared
P. Martin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Charlotte, North Carolina, for Appellant.  Jill Westmoreland
Rose, United States Attorney, Amy E. Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consentino Rodriguez Bailon appeals the district court's judgment after he pled guilty to illegally reentering the United States after having been deported subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Bailon at the bottom of his Guidelines range to 46 months in prison. On appeal, Bailon contends the district court imposed a procedurally unreasonable sentence by failing to adequately address and consider his arguments for a sentence below his Guidelines range. We affirm.

We review the reasonableness of a sentence for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). First, we consider whether the district court committed a significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) (2012) factors or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider whether it is substantively reasonable, taking into account the totality of the circumstances. Id. On appeal, we presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). The presumption can only be rebutted by showing that the sentence is unreasonable when measured against

2

the 18 U.S.C. § 3553(a) factors.  United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

In sentencing, the district court must first correctly calculate the defendant's sentencing range under the Sentencing Guidelines.  United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir. 2013).  The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a).  Id.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case.  United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009).  While the sentencing court must state in open court the particular reasons that support its chosen sentence, the court's explanation need not be exhaustive. United States v. Avila, 770 F.3d 1100, 1107-08 (4th Cir. 2014) (citations omitted); see also United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (court need not explicitly reference § 3553(a) or discuss every factor on the record).  The court's explanation must be sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356 (2007).

We have reviewed the record and conclude that Bailon's sentence is procedurally and substantively reasonable. The district court adequately addressed and considered Bailon's arguments for a sentence below his advisory Guidelines range, and the court reasonably determined that a sentence at the bottom of the Guidelines range was appropriate in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED