**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4771**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EULISES TAPIA PEREZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00151-WO-1)

Submitted:  June 19, 2018                          Decided:  June 28, 2018

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Randall S. Galyon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eulises Tapia Perez pled guilty to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). The district court imposed a sentence of 57 months' imprisonment, which fell at the bottom of the Sentencing Guidelines range established by the district court. Tapia now appeals, contending that his sentence is substantively unreasonable in light of several mitigating factors he offered at his sentencing hearing and that the district court should have imposed a downward-variant sentence. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the record leads us to conclude that Tapia fails to rebut the presumption of reasonableness afforded to his within-Guidelines-range sentence. In explaining Tapia's sentence, the district court explicitly addressed several of the § 3553(a) factors, including Tapia's history and characteristics, the seriousness of Tapia's offense, the need to promote respect for the law, and the need to specifically deter similar conduct. In considering the § 3553(a) factors, the district court weighed the mitigating

2

circumstances in Tapia's case, including Tapia's lack of a criminal history, financial problems, and emerging drug addiction, against the aggravating circumstances, including the amount of drugs attributable to Tapia and Tapia's negotiation of the drug transaction. After weighing the § 3553(a) factors, the district court reasonably concluded that a within-Guidelines-range sentence was more appropriate than a downward-variant sentence. Although Tapia disagrees with the weight that the district court assigned to certain mitigating factors, his disagreement alone does not demonstrate that the district court abused its sentencing discretion. *See United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012); *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Because Tapia has not rebutted the presumption of reasonableness accorded to his within-Guidelines-range sentence, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*