**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4768**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSE LUIS CRUZ-HERNANDEZ, a/k/a Jose Luis Caceres-Cruz,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:17-cr-00198-D-1)

Submitted:  April 17, 2018                            Decided:  August 9, 2018

Before GREGORY, Chief Judge, and WILKINSON and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Cruz-Hernandez appeals the 16-month sentence imposed following his guilty plea to illegal reentry of a deported felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). On appeal, Cruz-Hernandez disputes only the substantive reasonableness of his sentence. For the reasons that follow, we affirm.

We review the substantive reasonableness of a defendant's sentence for abuse of discretion, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a) (2012). The district court enjoys "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors," *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), and we presume on appeal that a within-Guidelines sentence is substantively reasonable, *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). The defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.*

The district court imposed a presumptively reasonable sentence at the high end of Cruz-Hernandez's Sentencing Guidelines range. In explaining its sentencing decision, the court cited the need to provide adequate deterrence to Cruz-Hernandez, who had already been twice deported for illegally entering the country. The court also considered Cruz-Hernandez's criminal history, which included a prior conviction for illegal reentry and two recent convictions for driving while impaired, and the need to protect the public.

2

In challenging his sentence, Cruz-Hernandez contends that his relatively benign criminal history warranted only a low-end Guidelines sentence, which would adequately deter him from engaging in further criminal conduct. However, Cruz-Hernandez's mere disagreement with the value or weight given to his criminal history and the need for deterrence does not demonstrate an inappropriate exercise of the district court's sentencing discretion. *See United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012). Because Cruz-Hernandez has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence, we conclude that his sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*