**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4702

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MUNEEB AKHTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:15-cr-00124-TSE-1)

Submitted: February 13, 2020                          Decided: March 3, 2020

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Melissa J. Warner, LAW OFFICE OF MELISSA J. WARNER, Glen Allen, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Rachael C. Tucker, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Muneeb Akhter appeals the district court's order imposing a 17-month term of supervised release following a remand from this court. Akhter argues that the district court imposed a plainly unreasonable sentence because it did not consider the 18 U.S.C. § 3553(a) (2018) factors or provide an explanation for the supervised release term it imposed. The Government counters that the sentence complied with our prior mandate and, in any event, was not plainly unreasonable. We affirm.

Fundamentally, the outcome of this appeal turns on the interpretation of our mandate in Akhter's prior appeal. We review the district court's interpretation of the mandate de novo. *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013). "The mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). "[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining relevant evidence on that issue that it could have heard at the first hearing." *Id.* (internal quotation marks omitted). "But the mandate rule forecloses litigation of issues foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Pileggi*, 703 F.3d at 679 (alteration, emphasis, and internal quotation marks omitted).

In our prior opinion, we vacated the judgment imposed upon revocation of Akhter's supervised release and remanded to the district court after concluding that the revocation judgment imposed a supervised release term in excess of the applicable 17-month

2

maximum. *United States v. Akhter*, 773 F. App'x 707, 709 (4th Cir. 2019) (No. 19-4040). In so doing, we did not order a resentencing or any further proceedings to determine the appropriate supervised release term. Instead, we directed the district court only to "impos[e] . . . a term of supervised release consistent with this opinion"—that is, a term within the 17-month statutory maximum. *Id.* The district court faithfully applied that mandate by reducing Akhter's supervised release term to 17 months.

Akhter neither argues that a full resentencing was required to remedy the illegality we previously identified nor identifies any colorable basis for imposing a lower sentence had such a resentencing been held. And, any challenge to the procedural reasonableness of his original supervised release term would now be barred by the mandate rule. *See Pileggi*, 703 F.3d at 679; *see also Dove v. Chao*, 511 F.3d 461, 467 (4th Cir. 2007) (discussing exceptions to mandate rule).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*