**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4301

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

XAVIER MILTON EARQUHART, a/k/a Xavier Smart, a/k/a Xavier Akpan Smart, a/k/a Xzavier Erquhart, a/k/a Xzayvier Ernhart, a/k/a David Imrich, a/k/a Kevin Liols, a/k/a Michael Powell, a/k/a Melvin Hailstones, a/k/a Rety Humos, a/k/a Milton Monn,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00134-BR-1)

Submitted: August 24, 2022                    Decided: September 16, 2022

Before MOTZ, DIAZ, and THACKER , Circuit Judges.

Affirmed by unpublished per curiam opinion.

Xavier Milton Earquhart, Appellant Pro Se. David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Milton Earquhart was convicted by a jury of bank fraud, in violation of 18 U.S.C. § 1344, engaging in monetary transactions involving criminally derived property, in violation of 18 U.S.C. § 1957, and aggravated identity theft, in violation of 18 U.S.C. § 1028A, (a)(1). He was originally sentenced to 384 months' imprisonment. Earquhart appealed, asserting two claims. First, Earquhart argued that his removal from his sentencing hearing violated his rights to due process. Second, he claimed that the two-level enhancement he received for deriving more than $1 million in gross receipts from one or more financial institutions was improperly applied. *See* U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(16)(A) (2016).

We agreed with Earquhart's second argument, vacated his sentence, and remanded to the district court for resentencing without the enhancement pursuant to § 2B1.1(b)(16)(A). *See United States v. Earquhart*, 795 F. App'x 885 (4th Cir. 2019) (No. 18-4471) (argued but unpublished). Because Earquhart would be resentenced, we did not address the challenge to his absence from his original sentencing hearing.[*]

On remand, the revised presentence report removed the two-level enhancement under USSG § 2B1.1(b)(16)(A) as well as a two-level enhancement for holding a leadership role in the offense, USSG § 3B1.1(c). Earquhart's revised total offense level

---

[*] In a separate appeal, Earquhart appealed the final order of forfeiture. We affirmed in part and dismissed in part. *See United States v. Earquhart*, 776 F. App'x 802 (4th Cir. 2019) (Nos. 19-4106/4336).

was 38. With a criminal history category of III, his advisory Guidelines range was reduced to 292 to 365 months' imprisonment. On June 14, 2021, the district court resentenced Earquhart to 316 months' imprisonment. Earquhart appeals and is proceeding pro se.

In his 125-page informal brief, Earquhart asserts numerous challenges to his conviction, sentence, and the final order of forfeiture. We need not consider any of Earquhart's arguments. "The mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). "[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining relevant evidence on that issue that it could have heard at the first hearing." *Id.* (internal quotation marks omitted). "But the mandate rule forecloses litigation of issues foregone on appeal or otherwise waived, for example because they were not raised in the district court." *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013) (cleaned up). Earquhart raised no challenges to his conviction or sentence in his first appeal except for the two-level enhancement under USSG § 2B1.1(b)(16)(A) and his absence from the original sentencing hearing. And, with respect to forfeiture issues, we noted, in *United States v. Earquhart*, 834 F. App'x 21 (4th Cir. 2021) (No. 20-4347), "Earquhart already litigated these issues and we concluded that Earquhart lacked standing."

To the extent that Earquhart's claims could be construed as a broad challenge to the substantive reasonableness of his amended sentence, he fails to overcome the presumption of reasonableness accorded his within-Guidelines sentence. *See United States v. Louthian*,

3

756 F.3d 295, 306 (4th Cir. 2014) ("[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable").

Therefore, we affirm the judgment. We grant Earquhart's motion to exceed the page limitations on his informal brief, but we deny his motion to file a DVD. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*